

570 Broad Street  /  Suite 1201  /  Newark, NJ 07102
973.623.3000 Main  /  973.623.0858 Fax  /  litedepalma.com

Newark  /  Philadelphia

June 14, 2021

**Via ECF**

Honorable Madeline Cox Arleo, U.S.D.J.
US District Court - District of New Jersey
Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

>  Re:   *Duncan v. City of Paterson, et al*
>         Civil Action No. 20-8471 (MCA)(LDW)

Dear Judge Arleo:

    This office represents Defendant, the City of Paterson ("the City"), in the above-referenced matter. On March 31, 2021, this Court entered an Order granting in part, this office's motion to dismiss Plaintiff's prior Complaint. On April 13, 2021, Plaintiff filed an amended Complaint. On May 13, 2021, the City filed a motion to dismiss Plaintiff's amended Complaint pursuant to *Fed. R. Civ. P.* 12(b)(6). Plaintiff filed their opposition on June 7, 2021. Please accept this letter brief in lieu of a more formal filing in reply to Plaintiff's opposition.

    Plaintiff's opposition indicates their displeasure with the City's recitation of facts by temporally limiting the factual period of consideration to Plaintiff's ambulatory transport. In doing so, Plaintiff willfully ignores the indisputable fact that but-for Decedent's illicit narcotics usage, which, by Plaintiff's own recitation, caused him to exhibit symptoms of visible distress while experiencing paranoid and delusional thoughts, he would not have entered a police station at three in the morning to relay his fear that he will be killed by unknown persons. Plaintiff still has not plead a most basic fact; what drug(s) Decedent ingested.

    Dismissal of this amended Complaint is appropriate because (I) Plaintiff cannot rely on discovery, nor materials outside the pleading to support their poorly plead complaint. (II) Plaintiff has only plead legal conclusions couched as facts to support their claims of <u>Monell</u> liability. (III) Plaintiff's assertions of prior misconduct remain unsupported. For the following reasons, dismissal of the Amended Complaint's claims against the City remains appropriate.

877799.1



Honorable Madeline Cox Arleo, U.S.D.J.
June 14, 2021
Page 2

### I. PLAINTIFF CANNOT RELY ON DISCOVERY, NOR MATERIAL OUTSIDE THE PLEADINGS TO SUPPORT THEIR POORLY PLEAD COMPLAINT

Plaintiff asserts that "discovery in this case will demonstrate" what caused Decedent's death. (*Pl. Opp.* Pg. 1). Plaintiff thereafter attaches documents not supported by the Complaint to overcome their inability to properly draft a Complaint. This is inappropriate.

This motion brought pursuant to *F.R.C.P.* 12 (b)(6) does not test proofs, and therefore, no evidence may be considered. See Shaw v. American Cynamamid Co., 534 F. Supp. 527, 529 (U.S.D.Ct. 1982). "[…a] district court must retain the power to insist upon some specificity in a pleading before allowing a potentially massive factual controversy to proceed." Bell Atl. v. Twombly, 550 U.S. 544, 559 (2007). While during a motion to dismiss, a court "must take all of the factual allegations in the complaint as true, [courts] are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (internal citations omitted). "Where the […] facts do not permit a court to infer more than the mere possibility of misconduct […]" dismissal is appropriate. Id.

The only things that may be considered in the contemplation of this motion must be contained with the four corners of the Complaint. Doe v. Univ. of Scis., 961 F.3d 203, 208 (3d Cir. 2020); Coulter v. Doer, 486 F. App'x 227, 228 (3d Cir 2012). Thus, the consideration of any future discovery is improper. Same are any attachments not "integral to or explicitly relied upon in the complaint." Id. Thus, Plaintiff's attempt to supplant the record with police reports or representation as to the states of future proofs is improper and must be stricken from the Court's consideration.

### II. PLAINTIFF HAS ONLY PLEAD LEGAL CONCLUSIONS COUCHED AS FACTS TO SUPPORT THEIR CLAIMS OF MONELL LIABILITY.

It is uncontroverted that Decedent was high on some unknown drug at three AM after leaving a hospital, when he entered a police station, where he indicated that he believed people were trying to kill him. He was thereafter seized for a mental evaluation. Plaintiff's opposition denies their own factual allegations. (*Pl. Opp.* Pg. 8). Plaintiff continues to rely on the term "emotionally disturbed"[1] but does not define same or counter the *in pari materia* definitions

---

[1] Plaintiff attempts to impose consideration of this term by attaching records outside of the pleading. For the reasons already discussed in Part I of this brief, same is improper. Moreover, we are here concerned with pleading sufficiency, not what a beat cop writes in his police report. An insular police term, and a legal definition, are not analogous, or held to the same standard and are therefore incomparable.

877799.1



Honorable Madeline Cox Arleo, U.S.D.J.
June 14, 2021
Page 3

provided in this party's moving brief. Plaintiff cannot assert that Decedent was emotionally disturbed when they themselves plead that he was high. Voluntary ingestion of narcotics does not qualify as an emotional disturbance.

Plaintiff has purposely failed to define same, as his position is otherwise untenable. Plaintiff frames the legal question herein as whether the City is *deliberately indifferent* to the conduct of its police employees when confronted with emotionally disturbed persons. This statement is willfully broad and lacking in specificity. Plaintiff has failed to address the crux of the City's opposition, that the question presented herein is limited to whether the City was deliberately indifferent to their officer's conduct when confronting an individual believed to be a danger to themselves or others and being seized for a mental health screening.

This question properly frames the facts in sufficiently general terms so as to encompass a wide variety of conduct relevant to the inquiry herein, within the legal framework appropriate thereto. Involuntarily commitment is a specialized area of law. It is also the circumstance presented by Plaintiff's complaint. Consideration of exemplars outside the area of involuntary commitment is improper as it is not sufficiently analogous to bear a relation to the matters at hand. Plaintiff fails to address same because they have no support for their assertions.

For the reasons stated in the City's moving brief, Plaintiff's claims of <u>Monell</u> liability fail as they have not demonstrated any policy, practice or custom of deliberate indifference to individuals being seized for involuntary commitment. None of Plaintiff's uncited exemplars bear factual relevance to this case. Plaintiff's reliance on the unpublished opinion of <u>Estate of Del Rosario</u>, No. 14-5167, 2015 U.S. Dist. LEXIS 50571 (U.S.D.N.J. April 17, 2015), is misplaced for this same reason. There was no involuntary commitment therein. That matter involved a willfully barricaded individual. Further the court there found the argument against municipal liability 'persuasive.'" *Id*. at *5.

Plaintiff has not plead any facts which give rise to claims of <u>Monell</u> liability. Dismissal is these claims against the City is therefore appropriate and respectfully requested.

### III. <u>PLAINTIFF'S ASSERTIONS OF PRIOR MISCONDUCT REMAIN UNSUPPORTED.</u>

Plaintiff relies on ¶ 71 of their amended Complaint to support their claim for negligent retention and supervision. This paragraph specifically states as follows:

> "At all relevant times, Defendants, Officer Avila, Officer Lucero and Officer Wanamaker possessed dangerous propensities to commit unlawful, violent acts of physical abuse and unreasonable use of force while performing their respective



Honorable Madeline Cox Arleo, U.S.D.J.
June 14, 2021
Page 4

> duties as a law enforcement officer thereby creating an unreasonable risk of injury to the citizens they were sworn to protect. Prior to the incident involving Decedent as herein described, each such defendant officer had been involved in past incidents of assaultive behavior and/or were the subject of allegations concerning their use of force while effectuating seizure of citizens within the City of Paterson. The personnel files of each defendant contained documentation noting such prior incidents, including police incident reports, internal affairs investigations and use of force reports." (*Amended Compl* ¶ 71)

This is a legal conclusion couched as a fact.[2] Plaintiff does not cite to specific incidents of conduct, cite to examples, or even list dates. Rather, Plaintiff perfunctorily exclaims that they know what could possibly be produced in discovery. This is insufficient and improper. Dismissal is therefore appropriate and respectfully requested.

## CONCLUSION

Plaintiff's amended Complaint does not repair the frailties of its original. Rather, Plaintiff regurgitates the previously omitted legal standards and couched same as fact. In a final act of desperation, Plaintiff improperly attaches documents not within the four walls of the Complaint as dispositive. Or relies on the unknown contents of future discovery. These arguments belie the standard.

This is not an exercise in summary judgment. The sufficiency of facts need not be addressed herein. This is an exercise in notice. Plaintiff's pleading is woefully deficient because it fails to apply facts to legal standards. The facts which are required to be alleged to satisfy the standard are not esoteric proofs hidden by powerful institutions. They are public records which due diligence demands them to review. The inability of Plaintiff to supply such facts is demonstrative of the insufficiency of their claims against the City.

Even ignoring the lack of facts, Plaintiff fails to contest the legal question presented to the Court. This case arises from Decedent presenting himself to the police in a condition which caused them to question whether he was a danger to himself or others. This is properly classified as an involuntary commitment. Plaintiff's reliance on any case where the use of force was contested in the past, despite having no findings against the City, is deficient. There must be some logical thread connecting a policy, involuntary commitment, to a prior act demonstrating indifference

---

[2] The necessary facts are not esoteric in nature. They are publicly available through the attorney general or a popular New Jersey specific news publication. Plaintiff's failure to produce or cite to same demonstrates a lack of supporting proofs.

877799.1

LITE DEPALMA
GREENBERG &
AFANADOR

Honorable Madeline Cox Arleo, U.S.D.J.
June 14, 2021
Page 5

thereto.  None of Plaintiff's examples involve involuntary commitment.  There is no logical thread connecting them to the facts forming the basis of this Complaint.

   Accordingly, dismissal of Plaintiff's amended complaint is respectfully requested as the conduct depicted herein does not implicate the City of Paterson.  Plaintiff has not set forth a *prima facia* complaint against the City.

            Respectfully submitted,

            */s/ Stefan J. Erwin*

            Stefan J. Erwin, Esq.

SJE:cd
cc: All counsel of Record (via ECF)

877799.1