**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SHAQUANA D. DUNCAN, as General Administrator and Administrator Ad Prosequendum of the Estate of Jameek Lowery, Deceased,** | |
| *Plaintiff,* | **Civil Action No. 20-8471** |
| v. | **ORDER** |
| **CITY OF PATERSON, et al.,** | |
| *Defendants.* | |

**THIS MATTER** comes before the Court by way of Defendant City of Paterson, New Jersey's ("City" or "Defendant") Motion to Dismiss, ECF No. 34;[1]

and it appearing that Plaintiff Shaquana D. Duncan ("Plaintiff") opposes the Motion, ECF No. 36;

and it appearing that this action arises from the death of Jameek Lowery ("Decedent") at St. Joseph's University Medical Center (the "Hospital") following an encounter with members of the City's Police Department, see generally Am. Compl., ECF No. 31;[2]

and it appearing that on January 5, 2019, Decedent sought medical attention at the Hospital after experiencing physical and emotional distress following his ingestion of recreational drugs, see id. ¶ 12;

---

[1] In considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the nonmoving party. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). The facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

[2] The Court discussed the background of this action at length in its prior letter order partially dismissing Plaintiff's initial Complaint. See ECF No. 30 (the "March 2021 Order"), at 1-3. This Order discusses the relevant facts only to the extent necessary to resolve the instant Motion.

and it appearing that after being transported to the emergency room and evaluated by medical staff, Decedent was discharged from the Hospital—despite exhibiting heightened signs of paranoia—and eventually made his way to the Paterson Police Department, id. ¶¶ 13-22;

and it appearing that the officers on duty requested an ambulance and forcibly restrained Decedent on the way back to the Hospital by handcuffing him to the stretcher, sitting on top of him to hold him down, punching and striking his body and face, and pulling his sweatshirt hood over his face, id. ¶¶ 23-31;

and it appearing that Decedent's airway was restricted, and he lost consciousness on the way to the Hospital, remained in critical condition from brain damage and organ failure, and ultimately passed away on January 7, 2019, id. ¶¶ 32-35;

and it appearing that Plaintiff, as General Administrator and Administrator Ad Prosequendum of Decedent's Estate, initiated this action on July 8, 2020 by filing a ten-count Complaint against the City and several other defendants asserting, inter alia, claims under 42 U.S.C. § 1983 ("Section 1983") and New Jersey common law against the City, see Compl. ¶¶ 36-93, ECF No. 1;

and it appearing that on March 31, 2021, the Court dismissed certain claims against the City with prejudice but permitted Plaintiff leave to file an amended complaint asserting municipal liability against the City, see March 2021 Order;

and it appearing that on April 13, 2021, Plaintiff filed the Amended Complaint, which asserts four claims against the City: (1) municipal liability for violation of Section 1983, Am. Compl. ¶¶ 43-56 ("Count Two"); (2) negligent retention and supervision, id. ¶¶ 68-74 ("Count Five"); (3) wrongful death, id. ¶¶ 80-85 ("Count Seven"); and (4) survival action for pain and suffering and loss of enjoyment of life, id. ¶¶ 86-88 ("Count Eight");

and it appearing that the City again moves to dismiss the Amended Complaint, ECF No. 34, and Plaintiff opposes the Motion, ECF No. 36;

and it appearing that Defendant first contends that Count Two fails to state a claim under Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694 (1978), because Plaintiff did not allege sufficient facts of a municipal policy, custom, or practice, Def. Mem. at 5, ECF No. 34.1;

and it appearing that in assessing Plaintiff's initial Complaint, the Court held that Plaintiff brought three counts that all sought to impose Monell liability against the City on interrelated theories, but without the specificity required by Twombly, 550 U.S. at 555, see March 2021 Order at 4;

and it appearing that the Court dismissed those claims without prejudice, subject to leave to replead them in one count that clearly sets forth the basis for Monell liability, id.;

and it appearing that to establish municipal liability under Section 1983, a "plaintiff may put forth that an unconstitutional policy or custom of the municipality led to his or her injuries," "or that they were caused by a failure or inadequacy by the municipality that reflects a deliberate or conscious choice," Forrest v. Parry, 930 F.3d 93, 105 (3d Cir. 2019) (internal quotation omitted);

and it appearing that to demonstrate a failure or inadequacy amounting to deliberate indifference on the part of the municipality, Plaintiff must show that "(1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights," id. at 106;

and it appearing that the Amended Complaint now squarely alleges that Decedent was deprived of his constitutional right against excessive force because of the City's "policy, practice and custom of failing to properly train and supervise its police officers in the proper use of force

when encountering and investigating incidents involving emotionally disturbed persons," Am. Compl. ¶¶ 45, 48;[3]

and it appearing that Plaintiff further alleges that the City failed to train its officers on "effectuating lawful seizures of its citizens who presented as emotionally disturbed persons" and on "applying reasonable degrees of force in connection with [an officer's] encounter and investigation of such persons," id. ¶ 46;

and it appearing that Plaintiff further alleges that prior to this incident, the City was put on "actual or constructive notice that [its] training and supervision of its police officers when encountering emotionally disturbed persons was inadequate," and Plaintiff cites to several alleged examples of prior uses of excessive force against emotionally disturbed persons, id. ¶¶ 49-52;

and it appearing that Plaintiff alleges that the City's failure to train and supervise amounts to deliberate indifference and created the moving force behind the alleged constitutional violations against Decedent, id. ¶¶ 54-56;

and it appearing that accepting Plaintiff's allegations as true, the Amended Complaint sufficiently pleads municipal liability against the City for the alleged constitutional violation against Decedent, see Kelley v. Reyes, No. 19-17911, 2020 WL 3567285, at *7 (D.N.J. July 1, 2020) (finding that the plaintiffs sufficiently pled Monell claims under a "failure-or-inadequacy" theory where the plaintiffs provided various examples of Paterson Police Department officers'

---

[3] Defendant argues that Plaintiff improperly frames the legal question as whether the City properly trained its officers in the use of force against persons classified as "emotionally disturbed." Def. Mem. at 7, ECF No. 34.1. It argues that Plaintiff was not emotionally disturbed based on the Federal Disabilities Education Act definition of the term and argues that Decedent instead was high from voluntary drug use. Id. at 7-8. The Court declines to consider Defendant's argument about Decedent's status as an "emotionally disturbed person" at the time of the incident at this stage in the litigation. The officers' consideration of Decedent's alleged "paranoia, erratic behavior and emotional distress," and whether they classified Decedent as "emotionally disturbed," can be further explored in discovery. See Am. Compl. ¶ 27.

"mishandling" interactions with suspects and citizens in the 1980s and 1990s that resulted in the deprivation of their constitutional rights);

and it appearing that the Court consequently denies the Motion as to Count Two;

and it appearing that Defendant next argues that Count Five should be dismissed against the City because the Amended Complaint consists only of unsupported legal conclusions to support Plaintiff's claim for negligent retention and supervision;

and it appearing that New Jersey courts recognize that liability may exist against a public entity under the New Jersey Tort Claims Act ("NJTCA") for its negligent retention of a police officer who presents a clear public danger or when the police department knew or should have known of a dangerous propensity in the police officer, see, e.g., Denis v. City of Newark, 307 N.J. Super. 304, 314 (App. Div. 1998); Estate of del Rosario v. Paterson Police Dep't, No. 14-5167, 2015 WL 1759473, at *5 (D.N.J. Apr. 16, 2015);

and it appearing that in the Amended Complaint, Plaintiff alleges that the officers possessed dangerous propensities and that the Paterson Police Department knew or should have known of the defendant officers' dangerous propensities based on documentation of prior incidents of assaultive behavior contained in their personnel files, Am. Compl. ¶¶ 71-72;

and it appearing that accepting the Amended Complaint as true, Count Five states a claim for negligent supervision and retention;[4]

and it appearing that the Court therefore denies the Motion as to Count Five;

---

[4] Defendant argues that Plaintiff cites no "dates, citizens, locations, sanctions, or other information sufficient to put the city [on] notice of the purported dangerous propensities of these officers." Def. Mem. at 12, ECF No. 34.1. However, Defendant points to no authority suggesting that such specific detail is required, and instead the Court finds that courts have permitted negligent retention and supervision claims alleged with far less specificity. See, e.g., Estate of del Rosario, 2015 WL 1759473, at *5 (finding that where the complaint alleged that the municipal defendants were "on notice" of "their failure to control their employees, had notice of any prior violations, and failed to properly supervise their employees," the pleading sufficiently put the defendants on notice of the allegations against them); Kelley, 2020 WL 3567285, at *8 (permitting the plaintiffs' negligent training and supervision claims without specific instances of prior misconduct citing dates, citizens, or the like).

and it appearing that Defendant next argues that Count Seven should be dismissed because the Amended Complaint only recites facts comprising of officers' intentional torts and thus the City as a public entity is immune from suit under the NJTCA;

and it appearing that the Court previously rejected Defendant's attempt to dismiss Plaintiff's wrongful death claim, finding that the NJTCA provides no immunity for claims sounding in negligence, see March 2021 Order at 7;

and it appearing that the Court thus denies the Motion as to Count Seven;

and it appearing that, lastly, Defendant argues that pursuant to N.J.S.A. § 2A:15-3, survivorship is not a cause of action, but a claim for damages, and thus Count Eight should be dismissed;

and it appearing that N.J.S.A. § 2A:15-3 authorizes the administrator of a decedent's estate to bring a civil survivorship action for the damages "that decedent would have had if he had survived," Estate of del Rosario, 2015 WL 1759473, at *4 (quoting Barbaria v. Sayreville Township, 191 N.J. Super. 395, 401 (App. Div. 1983));

and it appearing that Plaintiff brings this survival action as Administrator Ad Prosequendum for Decedent's estate;

and it appearing that the Court finds that Plaintiff is permitted to bring this survival action pursuant to N.J.S.A. § 2A:15-3, see id. (denying a municipal defendant's motion to dismiss and permitting a claim for survivorship);

and it appearing that the Court consequently denies the City's Motion as to Count Eight;

**IT IS** on this 28th day of December, 2021;

**ORDERED** that the City's Motion to Dismiss, ECF No. 34, is **DENIED**.

6

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**