

**MEMBERS OF THE FIRM**
Donald T. DiFrancesco
Christopher "Kip" Bateman
Stephen O. Davis
Jeffrey B. Lehrer
Richard P. Flaum
Martin Allen
Albert E. Cruz
Timothy P. Beck
Richard J. Guss
Paul R. Rizzo
Richard R. Ahsler
Lisa M. Fittipaldi
William J. Willard
Matthew C. Dorsi
Nicholas Pompelio
V. Anthony Digirolamo

**OF COUNSEL**
Steven A. Kunzman
Jeffrey W. Pompeo
Harriet Derman, J.S.C. (Ret.)
Richard Pompelio
Susan F. Bateman
William P. Robertson
Philip E. Stern
Joseph Sordillo

**RETIRED**
Edwin D. Kunzman
John E. Coley, Jr.
Harry A. Yospin

**ASSOCIATES**
Sandra Belli
John J. Russo
Brian C. Glicos
Kevin A. McDonald
Brian S. Davis
Wesley E. Buirkle
Mallory J. Ullrich
Caroline W. Lenci
Conor R. Wiggins
Kevin Hewitt, Jr.

**MEMBERS OF THE NEW JERSEY BAR**
☐ also NY  ☐ also PA  ▲ also DC  ♦ also TX  ▼ also MI
❖ LLM-Taxation  ■ also MD
✻ Chief Financial Officer
✱ Certified by the Supreme Court of NJ as a Civil Trial Attorney
◇ Certified by the Supreme Court of NJ as a Criminal Trial Attorney

**15 Mountain Boulevard**
Warren, New Jersey 07059

Telephone: (908) 757-7800
Fax: (908) 757-8039

www.newjerseylaw.net

Nicholas F. Pompelio
Partner
npompelio@newjerseylaw.net

August 4, 2022

***Via ECF Filing***
Hon. Andre M. Espinosa, U.S.M.J.
U.S. District Court District of New Jersey
Martin Luther King, Jr. Courthouse
50 Market Street
Newark, NJ 07101

  **Re: Duncan as General Administrator and Administrator ad Prosequendum of The Estate Of Jameek Lowery v. City of Paterson**
     **Civil Action No. 2:20-cv-08471-MCA-LDW**

Dear Judge Espinosa:

  This office represents the Plaintiff in the above-captioned matter. Pursuant to the Court's Order dated May 18, 2022, a telephonic status conference is currently scheduled for Tuesday, August 9th at 3:00pm. In furtherance of said conference, the parties are required to file a joint status letter due by August 4th providing the Court with a general update concerning the status of discovery and the parties' respective positions regarding Plaintiff's request to conduct a *de bene esse* deposition of her medical expert, Dr. Michael Baden. Please accept this joint status letter on behalf of the parties in furtherance thereof.

  Per the May 18th Order, Defendants were ordered to respond to Plaintiff's outstanding written discovery requests by June 11th. With respect to same, on June 10th, Defendant Wanamaker provided his answers to Interrogatories and responses to Notice to Produce. On June 29th, Defendant Avila provided his answers to Interrogatories and responses to Notice to Produce. On July 12th, Defendant Lucero provided his answers to Interrogatories, followed by his responses to Notice To Produce served on July 25th. The majority of the individual defendants' responses to Notice to Produce contend that most of

{A1482121.1 }

the requested and responsive documents are maintained in the possession and control of Defendant City and therefore were not provided to Plaintiff at that time. To date, Defendant City has not provided its answers to Interrogatories nor responses to Plaintiff's First and Second Set of Notice to Produce.

Additionally, pursuant to the May 18th Order, the Defendants were required to take the discovery deposition of Plaintiff's medical expert, Dr. Baden, within 60 days thereof. Plaintiff advised Defendants of Dr. Baden's wide-open availability for the taking of his discovery deposition, however, Defendants did not pursue the scheduling or taking of same. To date, Dr. Baden's discovery deposition has not occurred.

Defense counsel for Defendant City informed all parties that the inability to provide answers to its outstanding written discovery demands is due to significant staffing shortages at counsel's law firm with the departure of the associate attorney who was previously handling the case. Plaintiff's counsel attempted to resolve the discovery dispute and agreed to extend the deadline for the production of Defendant City's written discovery in the event that defendants scheduled and took Dr. Baden's discovery deposition by August 1st, which as stated, has not occurred. On today's date, counsel for the City advised all parties of their request to extend their deadline to answer written discovery to September 1, 2022, in order to allow more time for them to redact personal identifiers contained in thousands of pages of records and for its client to certify its discovery responses.

Aside from the status of written discovery, Plaintiff's position at this time regarding the taking of Dr. Baden's *de bene esse* deposition is that same should proceed without further delay. The underlying reasons previously expressed to the Court by Plaintiff's counsel in seeking said deposition remain. Dr. Baden recently turned 88-years-old in July. He physically examined the decedent with the Medical Examiner and examined tissue samples of the decedent. His participation in this litigation cannot be replaced at this point. Plaintiff could not retain an expert who would be in a position to perform the same services as Dr. Baden in the event Dr. Baden is not in a position to testify at the point this case is tried. Defendants have had ample opportunity to take his discovery deposition but chose not to do so. Plaintiff contends there is no prejudice to the Defendants if Dr. Baden is deposed by way of a *de bene esse* deposition within 45 days from the date of the upcoming conference as contemplated in the Court's May 18th Order. In response, Defendant City maintains its position that Plaintiff has not met the requirements necessary to take Dr. Baden's *de bene esse* deposition because he "has not previously been deposed, … is not incarcerated, and there is no representation before the Court that he is leaving the country." see, FRCP 30(a)(2).

Thank you for Your Honor's time and attention to this matter.

        Respectfully yours,

        */s/ Nicholas F. Pompelio*

        Nicholas F. Pompelio

cc:    Nicholas J. Palma, Esq. *(Via ECF)*
        Victor A. Afanador, Esq. *(Via ECF)*
        Sarah Diyanidh, Esq. (*Via ECF*)
        Carmen Cortes-Sykes, Esq. *(Via ECF)*
        Joel M. Miklacki, Esq. *(Via ECF)*
        Paul R. Rizzo, Esq. *(Via ECF)*

{A1482121.1 }