

570 Broad Street / Suite 1201 / Newark, NJ 07102
973.623.3000 Main / 973.623.0858 Fax / litedepalma.com

Newark / Philadelphia

February 15, 2023

***ORDER***

<u>Via ECF</u>

Hon. André M. Espinosa, U.S.M.J.
U.S. District Court District of New Jersey
Martin Luther King, Jr. Courthouse
50 Market Street
Newark, NJ 07101

   Re: *Duncan v. City of Paterson, et al*
      Civil Action No. 20-8471

Dear Judge Espinosa:

  This office represents the City of Paterson (the "City") in the above captioned matter. Please accept this letter in response to Plaintiff's letter filed on February 14, 2023, (ECF No. 57) regarding the remaining discovery disputes between the Plaintiff and the City.

  By way of brief background, this Court entered an Order on December 8, 2022 that required the City to produce files related to the City Police Department's handling of the following Emotionally Disturbed Persons ("EDPs"): Saulo Del Rosario in 2012, Larry Bouie in 2016, and Ramon Andrade in 2017. Additionally, on December 22, 2022, the parties submitted a joint letter to the Court memorializing the parties' agreement that the City would produce internal affairs reports and use of force reports for the five (5) year period between January 5, 2014 to January 5, 2019.

  However, the previous attorney handling this matter for this office was unaware that the EDP files and the reports from January 5, 2014 to January 5, 2019 (hereinafter "Requested

941848.2

**LITE DEPALMA GREENBERG & AFANADOR**

Hon. André M. Espinosa, U.S.M.J.
February 15, 2023
Page 2

Documents") have not been digitized when she entered the agreement with Counsel for Plaintiff that was memorialized in the December 22, 2022 joint letter to this Court. As a result, the documents are not easily accessible.

It was not until January 30, 2023 that Immanuel Adeola, Esq., the new assigned attorney from this office, learned from the City Police Department that the Requested Documents cover approximately one thousand two-hundred and ninety-six (1,296) cases, with anywhere from ten (10) to one hundred (100) pages of documents per case. The physical documents must be copied manually before they can be produced to the undersigned counsel for review to then produce to the parties in this litigation.

Furthermore, as a public entity, the City's Police Department cannot afford to devote its personnel to make copies of the Requested Documents during normal business hours. Consequently, officers with the proper authorization to view and handle such documents must be assigned to produce copies of the requested documents after business hours and compensated accordingly for their time. Compensation for work performed after hours, or "overtime," requires approval from the City's Police Department to ensure that sufficient funds are available in the Department's budget.

Nevertheless, the City has every intention of producing the discovery files within its possession as outlined in the Court's December 8, 2022 Order and, in the parties' joint December 22, 2022 Order. Counsel for the City appreciates Plaintiff's counsel's frustration under the circumstances but implores the Court for leniency in applications for sanctions.

941848.2

**LITE DEPALMA GREENBERG & AFANADOR**

Hon. André M. Espinosa, U.S.M.J.
February 15, 2023
Page 3

    Respectfully, this is not the type of situation that would warrant such a stern and harsh reaction from the Court. This is not an intentional stonewalling situation but one resulting from a lack of resources and the antiquated nature in which information is kept within this particular City. Ultimately, it would be taxpayers of the City that would be harmed and affected by the sanctions sought by Plaintiff.

    My office is working diligently with the City Police Department to complete the production of the Requested Documents per the December 8, 2022 Order and the December 22, 2022 joint letter. Given the obstacles explained herein, the City respectfully requests that it be permitted to provide copies of the requested documents by **March 7, 2023**.

    Should the Your Honor require additional submissions, please do not hesitate to contact me.

Respectfully requested,

*/s/ Victor A. Afanador*

Victor Afanador

The Court has considered the letters filed at D.E. 57 and 58. For the reasons set forth in the City of Paterson's letter above, the Court finds good cause to afford the City until March 7, 2023, to produce the documents at issue. The City shall act with diligence to meet the March 7, 2023 deadline. SO ORDERED.
Dated: February 23, 2023

*/s/ André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge