**CAMELIA M. VALDES (#028941996)**
**PASSAIC COUNTY PROSECUTOR**
401 Grand St., 7th floor
Paterson, New Jersey 07505
(973) 881-4800

| | |
|---|---|
| S. DUNCAN, as Admin. of Estate of Jameek Lowery<br><br>Plaintiff,<br><br>v.<br><br>City of Paterson, et. al.<br><br>Defendants | United States District Court<br><br>for the District of New Jersey<br><br>Docket No.: 2:20-cv-08471-MCA-AME<br><br>CONFIDENTIALITY AGREEMENT<br><br>ORDER |

A subpoena duces tecum having been issued for the investigative file concerning each of the incidents as set forth more fully in the attached Addendum to Subpoena, held by the Passaic County Prosecutor's Office (PCPO) by counsel for Plaintiff, Nicholas F. Pompelio, Esq., the parties hereby agree as follows:

1. The documents being produced by the PCPO are hereby designated as "CONFIDENTIAL" and subject to this agreement. Any party to the Contemplated Litigation or any third-party covered by this agreement, who produces or discloses Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY AGREEMENT" (hereinafter "Confidential").

1

2. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of the instant litigation, filed under docket number 2:20-cv-08471-MCA-AME (hereinafter the "Litigation"), and shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3, unless and until the restrictions herein are removed either by written agreement of counsel for the PCPO, or by Order of the Court.

3. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

    a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

    b. Outside experts or consultants retained by outside counsel for purposes of the Litigation, provided they have signed a non-disclosure agreement;

    c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    d. The Court and court personnel;

  e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

  f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings, including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

  g. The parties to the Litigation, includes, but is not limited to, insurance adjustors and insurance representatives. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

4. With respect to any depositions that involve a disclosure of this Confidential material those portions of the transcript are to

3

be designated Confidential and all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3.

5. All requests to seal documents filed with the Court shall comply with the Court Rules and shall also include notice to the PCPO that a Motion to seal the Confidential documents has been filed.

6. If the need arises during trial or at a hearing before the Court for any party to disclose Confidential discovery it may do so only after giving notice to the PCPO and as directed by the Court.

7. This Agreement shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.

8. This Agreement shall survive the termination of the Litigation and shall remain in full force and effect unless modified by and Order of the Court or by the written stipulation of the parties to this Agreement.

9. Upon final conclusion of the Litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the PCPO all originals and unmarked copies of documents and things containing Confidential material and to destroy, should such source so request, all copies of

Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Agreement. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the Litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

10. Should any party violate the terms of this Agreement, the PCPO may seek sanctions to the fullest extent permitted.

11. Plaintiff's counsel agrees to seek an Order of the Court entering the terms of this Agreement. Should the Order not be entered, for whatever reason, the parties nevertheless agree to be bound by the terms of this Agreement as set forth herein.

**SO ORDERED** on this 16th day of June, 2023.

                                            */s/ André M. Espinosa*
                                            Hon. Andre M. Espinosa, U.S.M.J.

The Undersigned hereby consent to the form and entry of the within Order:

_____  Dated: June 9, 2023
Peter J. Foy
Chief Assistant Prosecutor
Passaic County Prosecutor's Office

/s/ Nicholas F. Pompelio
_____  Dated: June 9, 2023
Nicholas F. Pompelio, Esq.
Attorney for Plaintiff

/s/ Ashley E. Morgan
_____  Dated: June 9, 2023
Ashley E. Morgan, Esq.
Attorney for Defendant Kyle Wannamaker

/s/ Nicholas R. McClellan
_____  Dated: June 9, 2023
Nicholas R. McClelland, Esq.
Attorney for Defendant City of Paterson

/s/ Carmen Cortes-Sykes
_____  Dated: June 9, 2023
Carmen Cortes-Sykes, Esq.
Attorney for Defendant Michael Avila

/s/ Joel Miklacki
_____  Dated: June 9, 2023
Joel Miklacki, Esq.
Attorney for Defendant Mucio Lucero